**Angela DE LEO, Plaintiff,**

v.

**UNITED STATES OLYMPIC COMMITTEE, Defendant.**

**No. 79 Civ. 4641(RO).**

United States District Court, S.D. New York.

May 3, 1984.

Vladeck, Waldman, Elias & Engelhard, P.C., New York City, for plaintiff; Jane S. Lauer, New York City, of counsel.

Whitman & Ransom, New York City, for defendant; James S. Morris, New York City, of counsel.

## AMENDED

## OPINION AND ORDER

OWEN, District Judge.

Plaintiff alleges employment discrimination because of her sex. Defendant moves for summary judgment. In 1978 defendant United States Olympic Committee decided to move its headquarters from New York City to Colorado Springs, Colorado. At that time it had 31 employees, 19 male and 12 female. The accounts receivable were handled by two people. Helen Greifenstein was in charge and plaintiff Angela De Leo was her assistant. Plaintiff's duties were principally typing receipts and letters acknowledging contributions and tallying the contributions by states.

Of the 19 male employees, 11 were relocated to Colorado, and some were terminated. Of the 12 female employees, 4 were

asked to relocate, 1 accepted and the rest were terminated. While plaintiff expressed some interest in relocating[1] she was eventually not given an offer. Thereafter, when the Colorado headquarters was finally . in normal operation, a woman named Toni Sparks handled the accounts receivable. Ms. Sparks had been hired in Colorado but trained in New York by Ms. Greifenstein who had been asked to relocate but had declined. In Colorado, Mrs. De Leo's tasks having been computerized, there was no longer a need for an assistant in accounts receivable.[2]

This action has had full discovery and although on the eve of trial, defendant has moved for summary judgment on the foregoing undisputed facts[3] asserting that in declining to relocate plaintiff, there was no unlawful discrimination against her because of her sex and that none of the fully-developed facts give rise to any such inference requiring a trial.

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court delineated the basic allocation of burdens and order of presentation of proof in a Title VII case alleging discriminatory treatment. At the outset, the plaintiff has the burden of proving a *prima facie* case of such quality as to create a presumption that the defendant unlawfully discriminated against her—such a case as would require the trier of the fact, twere the defendant employer to remain silent, to find for the plaintiff because no issue of fact remained in the case. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–4, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). Obviously, however, on this motion, if the plaintiff reveals her ultimate inability to satisfy even this initial burden of proof, one need go no further.[4] Thus, the question here is whether the failure to give plaintiff the

---

**1.** According to her deposition she was asked, "... would you like to relocate?"

To this she replied, "I would like to know in what capacity and I would like to go out then and see where I would, you know, where I would be."

**2.** There is no contention here that Ms. DeLeo . should have been promoted.

**3.** Most of the facts come from the plaintiff's deposition.

**4.** If the plaintiff succeeds in proving a *prima facie* case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the rejection. Finally, should the employer carry this burden, the plaintiff has the

opportunity to relocate from New York City to Colorado Springs was under such circumstances as give rise to an inference of unlawful discrimination.

I conclude that under the *McDonnell Douglas* "model" for a *prima facie* case as permissibly varied to have applicability to an uprooting and nearly two thousand mile relocation situation, the plaintiff has failed to make any *prima facie* showing of discrimination against her because she was a woman. Not only do the facts as recited at the outset of this opinion not permit such a presumption, but also undercutting her claim of discrimination because of sex is her acknowledgment that her immediate superior Helen Greifenstein *was* asked to relocate.[5] Even were there a *prima facie* showing, this evidence surely tends to rebut it.

In conclusion, plaintiff having failed, after full discovery, to develop the required *prima facie* showing, there is no issue of fact for a trial, and the defendant's motion for summary judgment is therefore granted. The complaint is dismissed with costs and disbursements to the defendant. Attorney's fees are denied.

So ordered.

right to prove that the reason given was but a pretext for discrimination.

5. Also instructive on the merits—and quite troublesome—are portions of the deposition of plaintiff's husband, a mechanical engineer, employed at a hospital in New York City.

Q. Did she ever relate to you that someone was being discriminated against on the basis of sex at the United States Olympic Committee?

A. You know, you are trying to get me to say something that I can't really say. I am not an authority. I mean, she might have said something at the time and it might have gone over my head. I can't remember.

Q. Please understand that I am not trying to make you say something that you would not ordinarily say. I want you to speak the truth.

This is a matter of trying to compare our respective cases for trial. I have to defend the case and your wife's attorney has to prepare her case to prosecute it. So I'm just trying to find out as many facts as I can.

A. I don't blame you one bit. The easiest thing would be to give $100,000 and then you wouldn't have any problems and she wouldn't have any problems. It would be that easy.

\* \* \* \* \* \*

Q. What facts are you talking about?

A. Let's get down to the facts. If you ask me about the USOC, I will answer, but if you are fishing, you are using the wrong bait.

Q. Well, if I can use some right bait, I would like to know about it.

A. I told you, just put 100,000 green ones. That would be the right bait. It would be no problem at all. We wouldn't even have to go to Court.

De Leo deposition at 6–7.